GIBSON, DUNN & CRUTCHER LLP
PERLETTE MICHÈLE JURA, SBN 242332
PJura@gibsondunn.com
JEREMY S. SMITH, SBN 283812
JSSmith@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

GIBSON, DUNN & CRUTCHER LLP
ANDREW M. KASABIAN, SBN 313210
AKasabian@gibsondunn.com
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

MULCAHY CARRILLO LLP
JAMES M. MULCAHY, SBN 213547
JMulcahy@mucahyllp.com
JAZLYN CABULA, SBN 335626
JCabula@mulcahyllp.com
4 Park Plaza, Suite 1950
Irvine, California 92614
Telephone: 949.252.9377
Facsimile: 949.252.0090

*Attorneys for Defendant AKT Franchise, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

DANCE FITNESS MICHIGAN, LLC, PROPERTY MAINTENANCE, INC., DEANNA ALFREDO, 6PK MASON LLC, 6PK LIBERTY LLC, AMANDA DAVIS, TEENY TURNER LLC, NISHA MOELLER, S2 FITNESS ENTERPRISES, LLC, SAMANTHA COX, SUZANNE FISCHER, SOROS & ASSOCIATES, LLC, NICHOLE SOROS, MICHAEL SOROS, ADEDGE SERVICES INC., PAUL DUMAS, and JODI DUMAS,

Plaintiffs,

v.

AKT FRANCHISE, LLC, AKT FRANCHISE SPV, LLC, XPONENTIAL FITNESS LLC, XPONENTIAL HOLDINGS LLC, XPONENTIAL FITNESS, INC., XPOF ASSETCO, LLC, H&W FRANCHISE INTERMEDIATE HOLDINGS LLC, ANTHONY GEISLER, MARK GRABOWSKI, MELISSA CHORDOCK, ELIZABETH “LIZ” BATTERTON COOPER, ALEXANDER CORDOVA, LANCE FREEMAN, RYAN

CASE NO. 8:23-cv-1643

**DEFENDANT AKT FRANCHISE, LLC NOTICE OF REMOVAL**

(Orange County Superior Court Case No. 30-2023-01345433-CU-AT-CXC)

Action Filed: August 30, 2023

JUNK, MEGAN MOEN, JOHN MELOUN, SARAH LUNA, TORI JOHNSTON, JUSTIN LACAVA, BOBBY TETSCH, JONATHAN TYLICKI, BRANDON WILES, JASON LOSCO, BRITTNEY HOLOBINKO, AMY WEHRKAMP, CAM FERGUSON, WAYNE THOMPSON, RYAN MCADAMS, PATRICK BONNER, SCOTT SVILICH, SARAH NOLAN, EMILY BROWN, RACHEL MARKOVIC, and DOES 1 through 10, inclusive,

Defendants.

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant AKT Franchise, LLC ("AKT") removes the above-entitled action to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 30-2023-01345433-CU-AT-CXC in the Superior Court of the State of California, County of Orange. Removal is proper on the following grounds:

**TIMELINESS OF REMOVAL**

1. On August 30, 2023, Plaintiffs filed a Complaint against AKT and the other defendants in the Superior Court of the State of California, County of Orange. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Civil Case Cover Sheet, and all state court process and orders are attached to this notice of removal. *See* Declaration of Jeremy S. Smith ("Smith Decl.") Exs. A–D. As of the time of this filing, no summons has posted on the Register of Action for the state court proceeding. Smith Decl. ¶ 6, Ex. D.

2. AKT's removal is timely under 28 U.S.C. § 1446(b) as it is being filed "within 30 days after receipt by the defendant, through service, or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." No Defendant, including AKT, has been served with the Complaint or a summons. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

3. Moreover, removal is proper because no Defendant has been served with a summons and Complaint, as required by 28 U.S.C. § 1441(b)(2): "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." *Id.* (emphasis added). Although several Defendants are citizens of the state of California, no Defendants have been "properly joined and served" and therefore removal is proper.

*See, e.g.*, *Tex. Brine Co. v. Am. Arbitration Ass'n. Inc.*, 955 F.3d 482, 486–87 (5th Cir. 2020); *Choi v. Gen. Motors LLC*, 2021 WL 4133735, at *5 (C.D. Cal. Sept. 9, 2021).

## SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

4. Plaintiffs' Complaint brings eighteen claims against Defendants: (1) "declaratory judgment"; (2) eight violations of California's Franchise Investment Law; (3) fraud in the inducement; (4) two claims for breach of contract and breach of the covenant of good faith and fair dealing; (5) violation of Michigan's Franchise Investment Law; (6) fraudulent misrepresentation; (7) negligent misrepresentation; (8) violation of Florida's Franchise Act; (9) promissory estoppel; and (10) violation of Florida's Deceptive and Unfair Trade Practices Act. Plaintiffs' claims, at bottom, are that they were allegedly forced to close their franchised studios based on representations made by Defendants. *See* Smith Declaration Ex. A ("Compl.") ¶¶ 1–7. Plaintiffs acknowledge that they agreed to arbitration provisions that would govern these claims, yet they seek to avoid those agreements and the ongoing arbitrations involving several Defendants. *See, e.g.*, *id.* ¶¶ 7, 115–116.

5. Removal is proper under diversity jurisdiction, 28 U.S.C. § 1332(a).

## THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332

6. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interests and costs." This Court has jurisdiction over this case because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1441(b).

### A. There is Complete Diversity Between Plaintiffs and Defendants and No Defendants Have Been Served.

7. Plaintiffs are citizens of Michigan, Ohio, Illinois, Georgia, and Florida. Compl. ¶¶ 8–23.

8. Defendants are citizens of Delaware and California. *Id.* ¶¶ 30–57. At the of filing this Notice of Removal, no Defendant has been served with the Complaint or a summons. Smith Decl. ¶ 7.

9. Because no Plaintiff is a citizen of the same state as Defendants, there is complete diversity for purposes of 28 U.S.C. § 1332(a).

10. Although 28 U.S.C. § 1441(b)(2)—commonly referred to as the "forum defendant rule"—can prohibit an action from being removed under diversity jurisdiction where at least one defendant is a citizen of the state in which the action is filed, this rule is inapplicable here. The plain language of the statute explains that the "forum defendant rule" prohibits removal *only* where a defendant has been "properly joined and served." *Id.* Because no Defendant has been "properly joined and served," and in fact no summons has even issued, the forum defendant rule is inapplicable and removal is proper. *See Tex. Brine Co.*, 955 F.3d at 486 (ruling that Section 1441(b)(2)'s plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706–07 (2d Cir. 2019) (same); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152–54 (3d Cir. 2018) (same); *Hong Kong Continental trade Co. v. Natural Balance Pet Foods, Inc.*, 2023 WL 2664246, at *3–5 (C.D. Cal. Mar. 28, 2023) (same); *Choi*, 2021 WL 4133735, at *5 (same).

**B. The Amount in Controversy Exceeds $75,000**

11. To trigger this Court's jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000, exclusive of costs and interest. To satisfy this requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

12. At issue is what amount is put "in controversy," by the complaint, "not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. Feb. 27, 2008) (internal quotations and citation omitted). "In measuring

the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Id.* at 1205 (citing *Kenneth Rothschild v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

13. Although Plaintiffs do not allege a specific amount in controversy, and although AKT concedes no liability on Plaintiffs' claims, Plaintiffs' claims place in controversy a sum greater than $75,000 if the allegations are assumed to be true. Specifically, Plaintiffs allege that they "hav[e] lost hundreds of thousands of dollars (and in some cases with losses in the millions)." Compl. ¶ 159. They attribute these losses to Defendants. *See, e.g.*, *id.* ¶¶ 221 ("As a result of Defendants' fraud, Plaintiffs signed their respective agreements and have lost hundreds of thousands (for certain Plaintiffs, millions), 354 (Plaintiffs "were damaged as a result of Defendants' fraudulent misrepresentation," including infusing "more than $225,000" of capital), 361 (plaintiffs "suffer[ed] losses of more than $2 million and [were] forced into bankruptcy").

14. The Complaint, which raises eighteen causes of action on behalf of over a dozen plaintiffs, therefore easily satisfies the $75,000 jurisdictional threshold. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under diversity jurisdiction.

**<u>THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER</u>**

15. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

(a) This is a civil action within the meaning of § 1332(a);

(b) the parties are citizens of different states under § 1332(a)(1); and

(c) the amount in controversy exceeds $75,000 § 1332(a).

16. Accordingly, this action is properly removable.

17. The United States District Court for the Central District of California is the federal judicial district embracing the Superior County of California for the County of Orange, where the suit was originally filed, 28 U.S.C. § 84(a). *See* 28 U.S.C. § 1441(a).

38. Upon filing the Notice of Removal, AKT will furnish written notice to Plaintiffs' counsel and will file and serve a copy of this Notice with the Clerk of the Superior Court of California for the County of Orange, pursuant to 28 U.S.C. § 1446(d).

Defendant AKT therefore removes this action from the Superior Court of California for the County of Orange.

DATED: September 1, 2023

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jeremy S. Smith*
Perlette Michèle Jura
Jeremy S. Smith
Andrew M. Kasabian