UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Motion to Remand [10]**

Plaintiffs Dance Fitness Michigan, LLC, Property Maintenance, Inc., Deanna Alfredo, 6PK Mason LLC, 6PK Liberty LLC, Amanda Davis, Teeny Turner LLC, Nisha Moeller, S2 Fitness Enterprises, LLC, Samantha Cox, Suzanne Fischer, Soros & Associates, LLC, Nichole Soros, Michael Soros, Adedge Services, Inc., Paul Dumas, and Jodi Dumas ( collectively "Plaintiffs") move to remand this action to the Superior Court of the State of California.  (Mot., Dkt. No. 10.)  Defendant AKT Franchise, LLC ("AKT") oppose the motion, (Opp'n Dkt. No. 23), and the Plaintiffs replied.  (Reply, Dkt. No. 29.)

On October 17, 2023, after the tentative order was posted and the Court vacated the October 16, 2023, hearing, Plaintiffs filed a request for oral argument, advancing various arguments why they believe a hearing is necessary.  (See Dkt. No. 39.)  AKT filed a response on October 25, 2023 indicating that they do not believe that oral argument is necessary.  (See Dkt. No. 48.)  The Court considered the arguments raised by both parties and finds that oral argument would not be helpful in this matter.  Fed. R. Civ. P. 78; L.R. 7-15.

For the following reasons, the Court **DENIES** Plaintiffs' motion to remand.  The Court also **ORDERS** AKT to file, no later than November 20, 2023, an amended Rule 7.1 Disclosure Statement.

**I. BACKGROUND**

Plaintiffs filed this action in the Superior Court of the State of California in Orange County on August 30, 2023 against numerous defendants connected to Xponential

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

Fitness, Inc., including AKT Franchise LLC. (Compl. Dkt. No. 1-2.) Plaintiffs brought claims for (1) declaratory judgment; (2) multiple violations of California's Franchise Investment Law §§ 31200 and 32101; (3) fraud in the inducement; (4) breach of contract and the covenant of good faith and fair dealing; (5) violation of the Michigan Franchise Investment Law; (6) fraudulent misrepresentation; (7) negligent misrepresentation; (8) violation of Florida Franchise Act; (9) promissory estoppel; and (10) violation of Florida Deceptive and Unfair Trade Practices Act. (Id.) The central allegation of the lawsuit is that AKT allegedly made oral and written misstatements and omissions that caused Plaintiffs to agree to become AKT franchises. (Id. ¶¶ 1–7.)

On September 1, 2023, AKT removed the action to federal court under 28 U.S.C. § 1332(a), diversity jurisdiction. (Dkt. No. 1.) AKT asserted that there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000. (Id.) AKT further argued that 28 U.S.C. § 1441(b)(2) — commonly referred to as the "forum defendant rule" — is inapplicable because of the notice of removal occurred before any Defendant was "properly joined and served" as required by the statute. (Id.)

In response, Plaintiffs filed this motion to remand the case back to Superior Court because there is a lack of diversity and, as a result, this Court lacks subject matter jurisdiction. (Mot. 3–4.) Specifically, Plaintiffs allege that Defendants Sarah Nolan, Emily Brown, and Rachel Markovic are domiciled in Ohio. (Id. 11.) Because Plaintiffs' citizenship also includes Ohio, diversity jurisdiction does not exist and this Court should remand the case to Superior Court. (Id. 8.) Plaintiffs further argue that because AKT failed to properly name and identify the citizenship of every individual or entity whose citizenship is attributed to Defendants. (Id. 4–8.) Therefore, AKT's removal was deficient under 28 U.S.C. § 1446 and Fed. R. Civ. P. 7.1 and the case should be remanded. (Id.) AKT disagrees and argues that it adequately identified the citizenship of all defendants and that the Ohio Defendants were fraudulently joined. (Opp'n 7–8.)

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l. Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

An exception to removal known as the forum-defendant rule also provides that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). But a well-established exception to the requirement of complete diversity arises "where a non-diverse defendant has been 'fraudulently joined'" or is otherwise known as a sham defendant. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder of a non-diverse defendant is deemed fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

### III. DISCUSSION

    *A.    Forum Defendant Rule*

As stated above, an exception to removal known as the forum-defendant rule provides that a "civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The plain language of the statute makes clear that only if a forum defendant has been "properly joined and served" may an action not be removed. Choi v. Gen. Motors LLC, No. CV 21-5925, 2021 WL 4133735, at *2 (C.D. Cal. Sep. 9, 2021).

Here, AKT acknowledges that several of the Defendants in this case are California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
|---|---|---|---|

| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al |
|---|---|

residents, which would typically prohibit removal. (Opp'n 2.) However, AKT correctly argues that because no Defendants were "properly joined and served," removal was permissible. (Id. 2–3.) Plaintiffs, despite heavily criticizing the practice, recognize that such removal is permitted in this district. (Mot. 1.) Given that AKT's removal of the case was permissible under § 1441(b)(2), the forum-defendant rule that might normally bar removal in these circumstances does not apply.

      B.     *Identification of Citizenship of All Defendants*

Plaintiffs first argue that remand is required because AKT's removal notice and corporate disclosure statement do not comply with the requirements of 28 U.S.C. § 1446 and Fed. R. Civ. P. 7.1. (Mot. 7.) This failure to "sufficiently allege its own citizenship" despite multiple opportunities should result in the Court finding that AKT has not met its burden and remand is proper. (Reply 6.) AKT argues that it disclosed the citizenship of AKT, its sole member, Xponential Fitness LLC, and the members of that LLC as well. (Opp'n 7.) And that this disclosure of its "members' members' members" satisfies the requirements for removal. (Id.)

The Federal Rules of Civil Procedure require that when an action is filed or removed to federal court on the basis of diversity under 28 U.S.C. § 1332(a), each party must file a disclosure statement that identifies the citizenship of every individual or entity whose citizenship is attributed to that party. See Fed. R. Civ. P. 7.1(a)(2)(A). "The statement must name--and identify the citizenship of--every individual or entity whose citizenship is attributed to that party. . . ." Fed. R. Civ. P. 7.1(a)(2). Indeed, each party that subsequently appears must file a Rule 7.1 Disclosure Statement with that party's "first appearance, pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b)(1). It is well settled that both partnerships and LLCs are citizens of every state of which its owners and/or members are citizens. See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

The issue presented is at what level of ownership is a individual or entity no longer considered attributable to a removing party? See Fed. R. Civ. P. 7.1(a)(2). More specific to this case, at what point has AKT satisfied Rule 7.1(a)(2)'s requirement to name and identify the citizenship of every individual or entity attributed to it? AKT asserts that it met the requirements in its amended corporate disclosure statement. (Dkt. No. 22.) Plaintiffs disagree and argue AKT must continue to reveal the identity and citizenship of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
|---|---|---|---|

| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al |
|---|---|

members of any LLC or partnership involved in the ownership structure of AKT to determine whether diversity jurisdiction exists.  (Reply 1.)

     The Advisory Committee Notes to Rule 7.1 do not address how far an inquiry into attribution needs to proceed to satisfy its requirements.  However, it does provide examples of when attributed citizenship may apply.  Included in these examples are LLCs and partnerships, which take on the citizenship of each of its owners.  Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment.  The committee emphasizes that "disclosure is necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship.  Id.  "[D]iscovery may be appropriate to test jurisdictional facts by inquiring into such matters as the completeness of a disclosure's list of persons or the accuracy of their described citizenships."  Id.  The notes recognize that courts have discretion on when to limit the disclosure in appropriate circumstances, such as a revealed citizenship that defeats diversity jurisdiction or "the names of the identified persons [have] . . . substantial interests in privacy" or "when there is no apparent need to support discovery by other parties to go behind the disclosure."  Id.

     AKT asserts, with support of a graphic, that Defendant AKT has one sole member, Xponential Fitness LLC ("Fitness LLC").  (Opp'n 4–5.)  Fitness LLC has one sole member, Xponential Intermediate Holdings, LLC ("Holdings").  (Id.)  And Holdings members include Xponential Fitness, Inc. and "five individual members, who are citizens of New York, Washington, Tennessee, Arizona, and California."  (Id. 4–5, 7.)  AKT further maintains that its amended corporate disclosure statement both named and identified the citizenship of "every individual or entity whose citizenship is attributed to" AKT.  (Id. 8.)

     In its original motion, filed before AKT submitted its amended corporate disclosure statement, Plaintiffs asserted that AKT's failure to name the other individual members of Holdings meant AKT did not comply with Rule 7.1.  (Mot. 7.)  In their reply, filed after AKT filed its amended disclosure, Plaintiffs argued that the updated disclosure still failed the requirements of Rule 7.1 because it lacked context for determining who were members of the listed LLCs and limited partnerships.  (Reply 3.)  Furthermore, Plaintiffs disputed the accuracy of AKT's amended disclosure and assert that there remain some unnamed members of Holdings that may effect a diversity determination.  (Reply 3–6.)  Plaintiffs cite SEC filings from 2021 to support this argument.  (Reply 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
|---|---|---|---|

| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al |
|---|---|

n.2) (citing Dkt. No. 29-2, Schedule 13D of Mark Grabowski.)

  The Court agrees with Plaintiffs that AKT's amended corporate disclosure lacks context for determining whether the listed individuals are members in one of the listed LLCs or limited partnerships or are attributed to AKT in their individual capacity. Furthermore, AKT provides no explanation for how it determined the listed parties are attributed to AKT nor where in the organizational structure they reside. AKT's original corporate disclosure only contained four entities. (Dkt. No. 3.) The amended version lists sixteen individuals and eight entities. (Dkt. No. 22.) This addition of twenty new parties makes limited discovery appropriate to determine whether the amended corporate disclosure is a complete list of individuals and entities attributed to AKT and whether the list accurately describes their citizenships. See Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment. In particular, AKT should identify whether the individuals listed are members of one of the listed entities or attributed to AKT in their individual capacity. AKT should also explain where each entity and individual is in the organizational structure, as it did in the original disclosure statement only listing four entities. This amended disclosure statement will assist the Court in determining the completeness of AKT's disclosure and if AKT must disclose additional individuals or entities associated with some of the listed entities.

  Plaintiffs insist that AKT's "fail[ure] to disclose its own citizenship" should result in a remand. (Reply 7.) However, the cases they cite to bolster this argument do not support this conclusion. See Norton v. SF Markets, LLC, No. 23-cv-00851, 2023 WL 4976183, at *2 (C.D. Cal. Aug. 3, 2023) (remanding action to Superior Court because defendant failed to comply with court order requiring a complete disclosure of the names and citizenships of its owners/members); Le v. Gen. Motors LLC, 23-cv-00238, 2023 WL 4681576, at *1 (C.D. Cal. Apr. 3, 2023) (ordering defendant to file a disclosure statement that identifies the name and citizenship of each owner/member of the LLC when information was absent from notice to removal). In Norton, the defendant failed to comply with a court order and the court remanded the case because it did "not have enough information to determine whether it ha[d] jurisdiction." 2023 WL 4976183, at *2. That is not the situation here; rather, this motion is the first time the Court is addressing whether AKT's disclosure statement was sufficient. Le more accurately reflects the current timeline in this case. There, the defendant failed to disclose the identify and citizenship of its member LLC in its notice of removal and the court ordered an amended disclosure statement be filed. Le, 2023 WL 4681576, at *1. That is akin to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

this case where the Court is ordering AKT to submit in amended disclosure statement. Therefore, the Court finds that remand is an inappropriate remedy at this stage.

In response to the Court's tentative order, AKT filed an amended Disclosure Statement. (Dkt. No. 47.) However, its disclosures remain deficient. Specifically, AKT asserted that for certain members of Holdings are "not otherwise related to AKT Franchise LLC and [it] respectfully believes that these entities are not attributable to AKT." (AKT's Amended Corporate Disclosure, Dkt. No 47, at 3.) AKT makes this argument with regard to eleven members of Holdings that are either LLCs or partnerships. (Id. at 2–3.) This is insufficient. The Court requires a complete disclosure statement. Where a party is an LLC or partnership, it shall disclose the citizenship of each partner/owner/member. And where any such LLC or partnership is a partner/owner/member, it shall disclose its partners/owners/members, and shall do so for each successive tier. This includes the citizenship of those members of Holdings that AKT did not disclose in its amended disclosure and any partner/owner/member at a successive tier. (See id.)

Accordingly, the Court **ORDERS** AKT to file, no later than November 20, 2023, an amended Rule 7.1 Disclosure Statement.

C.   *Fraudulent Joinder*

AKT argues that remand is inappropriate because the Defendants domiciled in Ohio were fraudulently joined. (Opp'n 8.) It asserts that there is "no possibility of recovery" against the Ohio defendants because Plaintiffs did not and cannot state a claim against them and the court lacks personal jurisdiction over them. (Id. 9.) Plaintiffs contend that the Ohio defendants are proper defendants in this case because they materially aided in the fraudulent inducement of Plaintiffs and acts or transactions that constituted a violation of CAL. CORP. CODE §§ 31200 and 31201. (Mot. 13–14.) And that even if they did not state a claim against the Ohio defendants, the possibility still exists that they will be able to in an amended complaint. (Id. 15–16.)

In assessing whether the plaintiff fails to state a cause of action where fraudulent joinder is at issue, "the Court may look beyond the pleadings." Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). "Thus, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

removal fails to state a claim against the non-diverse defendant." Id.  The removing party asserting fraudulent joinder "carries a heavy burden of persuasion" in making this showing. Nelson v. Diebold Inc., No. CV 15-00846, 2015 WL 4464691, at *1 (C.D. Cal. July 21, 2015).  It must show "that the plaintiff 'fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (alteration in original) (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)).

Therefore, where there is doubt as to whether the plaintiff states a cause of action against the defendant, "the doubt is ordinarily resolved in favor of the retention of the case in state court." Albi v. Street & Smith Publ'ns., Inc., 140 F.2d 310, 312 (9th Cir. 1944).  "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." Macey, 220 F. Supp. 2d at 1117.

   1. Personal Jurisdiction

The parties dispute whether the Court can and should reach the question of personal jurisdiction before it reaches the question of subject-matter jurisdiction implicated by AKT's fraudulent joinder claim.  (See Mot. 19); (Opp'n 11.)  Both parties rely on the Supreme Court's decision in Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999), in arguing whether the Court should reach the question of personal jurisdiction over Defendants Sarah Nolan, Emily Brown, and Rachel Markovic (collectively "Ohio Defendants) before it reaches the question of whether Plaintiffs could possibly state a claim against the Ohio Defendants.

In Marathon Oil, the Supreme Court held that while "[c]ustomarily, a federal court first resolves doubts about its jurisdiction over the subject matter, . . . there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry." Id. at 578.  In so holding, the Court noted that "[i]t is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." Id. at 584.  The Court then set forth the circumstances in which a court may reach the personal jurisdiction question before it considers questions of subject-matter jurisdiction: "If personal jurisdiction raises difficult questions of state law, and subject-matter jurisdiction is resolved as easily as personal jurisdiction, a district court

Case 8:23-cv-01643-JVS-JDE   Document 57   Filed 11/13/23   Page 9 of 18   Page ID #:3681

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01643-JVS(JDEx)                           Date   November 13, 2023

Title     Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al

will ordinarily conclude that federalism concerns tip the scales in favor of initially ruling on the motion to remand." Id. at 586 (citations, internal quotation mark, and alterations omitted).

There are two types of personal jurisdiction—general and specific. AKT is correct that there is no general jurisdiction over the Ohio Defendants because they are neither domiciled nor are their contacts so "continuous and systematic as to render [them] essentially at home in the forum State." See LNS Enters. LLC v. Continental Motors, Inc., 22 F.4th 852, 859 (9th Cir. 2022). A defendant is subject to specific personal jurisdiction "if the controversy [is] sufficiently related to or arose out of [the defendant's] contacts with the forum state." Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). The Ninth Circuit applies a three-part test to analyze specific jurisdiction.[1] LNS Enters., 22 F.4th at 859. Both parties make arguments for and against finding that the Court has specific personal jurisdiction over the Ohio Defendants. (See Mot. 20–22); (Opp'n 10.) The need to conduct a full analysis of these arguments counsels under Marathon Oil toward the Court deciding the subject-matter jurisdiction question first. Therefore, the Court turns to the subject-matter jurisdiction question without deciding the personal jurisdiction question.[2]

### 2.     Fraudulent Joinder

The Defendants at the heart of the fraudulent joinder dispute are Sarah Nolan, Emily Brown, and Rachel Markovic, whom the Court will continue to call the "Ohio

---

[1] "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." LNS Enters., 22 F.4th at 859 (citations omitted).

[2] As discussed below, the Court concludes that the Ohio Defendants were fraudulently joined and the Court does have subject-matter jurisdiction. Therefore, the Court concludes, it is not necessary to decide whether the Court has personal jurisdiction over them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

Defendants." AKT acknowledges that these three named Defendants are domiciled in Ohio. (Dkt. No. 7, ¶ 20). And refers to them as the "Ohio Employees" throughout its opposition to this motion. (See generally Opp'n.) Plaintiffs allege that at least three plaintiffs are domiciled in Ohio. (Compl. ¶¶ 11–12.) And they assert claims of fraud in the inducement and violations of §§ 31200 and 31201 against all three Ohio Defendants in their individual capacities. (Compl. ¶¶ 216–241.) Despite the apparent lack of diversity, AKT argues that Plaintiffs "did not and cannot assert a claim against any of the Ohio Employees." (Opp'n 12.) Therefore, the Ohio Defendants were fraudulently joined. (Id.)

   **a.**   **Fraudulent Inducement and CAL. CORP. CODE §§ 31200 and 31201.**

  Fraudulent inducement is a "viable tort claim under California law." Dhital v. Nissan N. Am., Inc., 84 Cal. App. 5th 828, 838 (Cal. Ct. App. 2022). "The elements of fraud are (a) a misrepresentation (false representation, concealment, or nondisclosure); (b) scienter or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and (e) resulting damage." Id. (citation omitted). Fraud in the inducement is a subset of the tort of fraud. Id. at 839. It "occurs when 'the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable.'" Id. (quoting Hinesley v. Oakshade Town Ctr., 135 Cal. App. 4th 289, 294–95 (Cal. Ct. App. 2005).

  Plaintiffs contend that "Defendants painted a picture of [Anthony] Geisler as a squeaky clean, exalted expert in franchising."[3] (Id. ¶ 217.) However, "Defendants knew that if Geisler's real past, and in particular if the Fraud Lawsuits and their outcomes, were disclosed to Plaintiffs, Plaintiffs would not have signed their respective Agreements."[4] (Id. ¶ 218.) Furthermore, "Defendants knowingly concealed the Fraud Lawsuits from Plaintiffs, intending to induce Plaintiffs to sign their respective Agreements to purchase

---

  [3]Plaintiffs allege Geisler was "Chief Executive Officer of AKT and President of Xponential, the parent company of AKT, during the events at issue in this lawsuit." (Compl. ¶ 124.)

  [4]Plaintiffs allege Geisler was subject to at least two other lawsuits accusing him of fraud. (Id. ¶¶ 197–199, 207–208.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

franchise and area development rights." (Id. ¶ 219.) And that "Plaintiffs justifiably relied on Defendants' false portrayal of Geisler and Defendants' concealment of the Fraud Lawsuits, particularly because Defendants had a legal obligation to disclose the Fraud Lawsuits in AKT Franchisor's FDDs. Had Defendants disclosed the Fraud Lawsuits, Plaintiffs would not have signed their respective Agreements." (Id. ¶ 220.) As a result, Plaintiffs "signed their respective Agreements and have lost hundreds of thousands (for certain Plaintiffs, millions) of dollars into a failed franchise system." (Id. ¶ 221.)

For the Ohio Defendants, Plaintiffs specifically allege that they occupied a management role in the sale of the franchises to Plaintiffs.[5] (Comp. ¶¶ 148–50). Plaintiffs contend Brown made several misrepresentations to at least Plaintiff Alfredo, including the bolstering of Geisler's credibility. (Declaration of Deanna Alfredo ("Alfredo Decl."), Dkt. No. 10-9 ¶¶ 9–10.) And that Anna Kaiser was, and would be, centrally involved in the franchise brand. (Id. ¶¶ 12–13.) Furthermore, Brown allegedly told Alfredo the number of members she should expect and how much cash-flow per month she should expect to receive. (Id. ¶ 15.) Alfredo also alleges Nolan sent her the AKT Franchise Disclosure Document and the franchise agreement she ultimately signed. (Id. ¶ 24.) Also, that all three Ohio Defendants were selling franchises in California during 2020–2022 according to AKT's reporting to the California Department of Financial Protection and Innovation. (Id. ¶ 25.)

CAL. CORP. CODE § 31200 makes it "unlawful for any person willfully to make any untrue statement of a material fact in any application, notice or report filed with the commissioner under this law." Section 31201 dictates that "[i]t is unlawful any person to offer or sell a franchise in [California] by means of any written or oral communication not enumerated in Section 31200 which includes an untrue statement of a material fact." And § 31302 states that

---

[5]Plaintiffs allege (and AKT acknowledges) "Sarah Nolan was the Operations Manager of Xponential Fitness, LLC ("Xponential"), and St. Gregory Development Group, LLC, and remains the Franchise Development Operations Coordinator for Xponential. Emily Brown was Vice President of Franchise Development for Xponential. Rachel Markovic was and is the Manager of Franchise Relations for Xponential." (Mot. 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

> [e]very person who directly or indirectly controls a person liable under Section 31300 or 31301, . . . every principal executive officer or director of a corporation so liable, every person occupying a similar status or performing similar functions, every employee of a person so liable who materially aids in the act or transaction constituting the violation, are also liable jointly and severally with and to the same extent as such person, unless the other person who is so liable had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability is alleged to exist.

Plaintiffs allege that the Defendants represented to Plaintiffs materially false information orally and in the franchise disclosure documents about the estimated initial investment required to open and operate an AKT facility. (Compl. ¶¶ 226–28.) Defendants also purportedly misrepresented the amount of time it would take for an AKT facility to open after Plaintiffs signed their franchise agreement. (Id. ¶¶ 230–32.) Defendants allegedly made these misrepresentations knowingly and willfully. (Id. ¶ 237.) As a result, Plaintiffs have been seriously damaged, including additional costs to complete their facilities for opening and upfront investment. (See id. ¶ 228, 234, 238.) Therefore, they argue each of the Defendants, including the Ohio Defendants, are jointly and severally liable for the violation of § 31302 because they were either in control of AKT or materially aided in the sale of the franchises under the defective franchise disclosure documents. (Id. ¶ 239.)

AKT makes three arguments for why Plaintiffs' fraudulent inducement and §§ 31200 and 31201 claims against the Ohio Defendants fail to state a cause of action. (Opp'n 13–17.) First, AKT argues that none of the Ohio Defendants qualify as a "principal executive officer or director" of AKT. (Id. 13.) Second, AKT contends that Plaintiffs "have not and cannot show" the Ohio Defendants are liable for materially aiding any alleged violation of § 31302 because they were not responsible for the content of alleged misstatements made to Plaintiffs. (Id. at 14.) And third, AKT alleges that the Plaintiffs' franchise agreements contain language that shifts the liability for any fraudulent oral statements made by the Ohio Defendants to AKT. (Id. 15.)

Starting with the last argument, the franchise agreements contain a clause that states

Franchisee agrees and acknowledges that fulfillment of any and all of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

> Franchisor's obligations written in this agreement or based on any oral communications which may be ruled to be binding in a court of law shall be Franchisor's sole responsibility and none of Franchisor's agents, representatives, nor any individuals associated with Franchisor's franchise company shall be personally liable to Franchisee for any reason.

(Dkt. No. 21-3 § 18.4 at 38.) AKT argues this means Plaintiffs cannot hold the Ohio Defendants liable for any alleged misrepresentations they made because all liability shifts to AKT, the "franchisor." (Opp'n 15.) Plaintiffs disagree and contend that the contractual language is irrelevant to their fraudulent inducement and §§ 31200 and 31201 claims. (Mot. 18.)

Both sides rely on Farnham v. Superior Court (Sequoia Holdings, Inc.), 60 Cal. App. 4th 69 (Cal. Ct. App. 1997), in support of their positions. There the plaintiff sued his former employer and two individuals, both of whom were shareholders, officers, and directors. Id. at 71. Plaintiff's employment agreement provided that he "waive[d] any right he may have for a lawsuit for damages against any shareholder, director, officer, or employee of [employer] for any claim . . . arising from, in connection with, or in relating to" his employment agreement. Id. at 72. The plaintiff contended that the contractual waiver was unenforceable because it was contrary to California's public policy. Id. at 73. The court first acknowledged that "exemptions from all liability for intentional wrongs, gross negligence and violations of the law have been consistently invalidated." Id. at 74. But it could not find "any case addressing a *limitation* on liability for intentional wrongs, gross negligence or violations of the law." Id. (emphasis in original). It went on to conclude that "a contractual *limitation* on the liability of directors . . . arising out of their roles as directors is equally valid where, as here, the injured party retains his right to seek redress from the corporation."[6] Id. at 77 (emphasis in original).

Plaintiffs point to Farnham's statement that "contractual releases of future liability for fraud and other intentional wrongs are invariably invalidated" as support for their argument that the language in the franchise agreement is inapplicable to the charge of

---

[6] "In a free market society, we see no public policy reason why a business should not be allowed to insulate its directors from litigation . . . ." Farnham, 60 Cal. App. 4th at 78.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

fraudulent inducement. (Mot. 18) (citing id. at 71). But this misses the larger point of Farnham that contractual limitations on liability for individual agents or directors are acceptable under California law if the injured party retains a right to seek redress from the corporation. 60 Cal. App. 4th at 77. AKT interprets Farnham more accurately when it argues that a liability limitation for its agents and representatives is allowed because franchise owners can still pursue liability against AKT. (Opp'n 16.)

Plaintiffs also argue that the franchise agreement language is void because California's Franchise Investment Law ("CFIL") makes it clear that any provision requiring waiver of compliance with the CFIL is not permitted. (Mot. 19.) (quoting Meadows v. Dickey's Barbeque Rests., Inc., 144 F. Supp. 3d 1069, 1082 (N.D. Cal. 2015) (citing CAL. CORP. CODE § 31512). AKT counters with a similar shifting liability argument discussed above. (Opp'n 16.) Once again, AKT's interpretation is more on point. Plaintiffs fail to assert which aspect of the CFIL the franchise agreement provision requires a waiver for. Nor do they identify what part of the provision requires such a waiver. But see Meadows, 144 F. Supp. 3d at 1082 (noting plaintiffs contend the arbitration provision in the franchise agreement limits recovery for punitive or exemplary damages, which are permitted by the CFIL). Without more, the Court cannot conclude that the franchise agreement provision is void.

Plaintiffs do not dispute the accuracy or existence of the provision in the franchise agreements limiting liability. Nor whether the Ohio Defendants qualify as "agents, representatives" or "individuals associated with" AKT. Instead, Plaintiffs argue that the provision is irrelevant to the fraudulent inducement or §§ 31200 and 31201 claims. (Mot. 18.) And that contractual releases of future fraud, like franchise agreement provision, are void and invalid. (Id. 18–19.) The Court finds AKT's shifting liability argument more persuasive. The plain language of the agreement does not seek to release or avoid liability. Rather, the language shifts liability to AKT and away from its "agents, representatives" or "individuals associated with" it. Such contractual limitations on individual liability are valid under California law when "the injured party retains his right to seek redress from the" parent entity. See Farnham, 60 Cal. App. 4th at 77. In short, the provision in the franchise agreements does not conflict with any public interest or CFIL, but is instead the result of Plaintiffs' voluntary decision to look to AKT to bear the risk that might otherwise have fallen on AKT's agents or representatives. See id. at 78.

In their request for a hearing, Plaintiffs argue that § 31302 make the Ohio

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

Defendants jointly and severally liable for AKT's violations of the CFIL. (Request for Hearing at 1.) The premise for this argument is that §§ 31512 and 31512.1 of the CFIL make the individual liability of the Ohio Defendants "non-waivable." (Id.) Therefore, the language in § 18.4 of the franchise agreements, that the Court found shifts liability from AKT's agents or representatives to the franchisor, is invalidated. (Id.) In their response, AKT argues that Plaintiffs "merely rehash" arguments the Court previously reviewed and rejected. (Response to Request for Hearing at 2.) Specifically, AKT contends that Plaintiffs simply change their argument in their remand motion that stated "any provision requiring waiver of compliance with the CFIL is not permitted," to §§ 31512 and 31512.1 "invalidates" the "waiver" language of § 18.4 of the franchise agreements in its request for a hearing. (Id. at 3.) The Court finds AKT's argument more persuasive. In their request, Plaintiffs simply repeat the argument made in their remand motion that § 18.4 cannot validly waive liability for the Ohio Defendants. Compare (Motion to Remand ("Mot."), at 19) with (Request for Hearing at 1–4.) Plaintiffs are incorrect in their interpretation of the Court's tentative. (See Request for Hearing at 1, 4.) As laid out in the preceding paragraphs, the Court did not find that AKT waived Plaintiffs' right to sue the Ohio Defendants; rather, it concluded that § 18.4 of the franchise agreements validly shifted liability from the Ohio Defendants to AKT. See Farnham, 60 Cal. App. 4th at 77. Plaintiffs' argument to the contrary is unconvincing.

In the alternative, Plaintiffs assert that § 18.4 of the franchise agreements do not apply to Counts II–X of its complaint. (Request for Hearing at 5.) Therefore, the claims against the Ohio Defendants based on these Counts cannot be "waived." (Id.) This argument is based on the incorrect premise that the Court concluded § 18.4 validly waived Plaintiffs' right to pursue claims against the Ohio Defendants. (See id.) As discussed above, this is inaccurate. The Court concluded that contractual limitations on individual liability are valid under California law when "the injured party retains his right to seek redress from the" parent entity. See Farnham, 60 Cal. App. 4th at 77. The Court also found that Plaintiffs' voluntarily decided to look to AKT to bear the risk that might otherwise have fallen on AKT's agents or representatives. See id. at 78. At no point did the Court find that § 18.4 waived Plaintiffs' rights. Furthermore, as AKT points out in its response, this argument is a restatement of Plaintiffs' argument in their remand motion. Compare (Mot. at 18–19) with (Request for Hearing at 5.) Plaintiffs' argument in its request is no more convincing then it was in its original motion. Therefore, the Court finds that oral argument would not be helpful on this matter. Fed. R. Civ. P. 78; L.R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

### b.    Respondeat Superior

Plaintiffs also argue that the theory of respondeat superior "does not invalidate claims against the Ohio Defendants." (Mot. 16.) "Under the doctrine of respondeat superior, an employer is vicariously liable for his employee's torts committed within the scope of the employment." Perez v. Van Groningen & Sons, Inc., 41 Cal. 3d 962, 967 (Cal. 1986). "[A]n employer can be liable for his employee's unauthorized *intentional* torts committed within the scope of employment despite lack of benefit to the employer." Id. at 969 (emphasis in original).

Plaintiffs do not dispute the possibility respondeat superior applies to the Ohio Defendants' conduct, but argue the theory does not "blanketly absolve employees of liability for their actions, particularly where employers may avoid liability for punitive damages." (Mot. 17) (citing McKinney v. Wal-Mart Stores, Inc., CV 16-02174, 2016 WL 7391511, at *6 (C.D. Cal. Dec. 21, 2016)). They further assert that because of Defendants' poor financial viability, respondeat superior should not preclude recovery against the Ohio Defendants. (Id. at 17–18.)

Plaintiffs accuse the Ohio Defendants of fraudulent inducement and violations of §§ 31200 and 31201. (Compl. ¶¶ 216–241.) However, Plaintiffs allegations do not accuse the Ohio Defendants of any improper conduct outside the scope of their employment or any basis for distinguishing them from Defendant AKT. For example, Plaintiffs allege Defendant Brown "made several misrepresentations alleged in the Complaint to at least one Plaintiff, Deanna Alfredo." (Mot. 14). However, all the alleged misrepresentations occurred within the scope of Brown's employment, (see Mot. 14), or at the very least were "committed in the course of a series of acts of the agent which were authorized by the principal." Perez, 41 Cal. 3d at 970 (internal quotations and citations omitted) (explaining that the proper inquiry for respondeat superior).

Plaintiffs reliance on McKinney is misplaced. (Mot. 17.) In that case, the plaintiff "presented a non-fanciful possibility of demonstrating that the Individual Defendants' actions amount to malice" and, as a result, they could be liable for defamation. McKinney, 2016 WL 7391511, at *6. Unlike McKinney, Plaintiffs have not presented a non-fanciful possibility of recovery against the Ohio Defendants because of the franchise agreement provision shifting liability to AKT. Plaintiffs' request for punitive damages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:23-cv-01643-JVS(JDEx)                                        Date  November 13, 2023

Title  Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al

does not change this conclusion. CAL. CIV. CODE § 3294 allows an employer to escape liability for punitive damages based on acts of its employees unless the employer "was personally guilty of oppression, fraud, or malice." Plaintiff's argument that the Ohio Defendants are essential to the litigation because it may not be able to recover punitive damages from AKT is unpersuasive for three reasons: (1) the shifting liability clause in the franchise agreements; (2) the fact that Plaintiffs allege the same causes of action against AKT as the Ohio Defendants; and (3) the purported improper conduct of the Ohio Defendants all took place within the scope of their employment.

Having found the provision of the franchise agreements valid and applicable to Plaintiffs fraudulent inducement and §§ 31200 and 31201 claims, the Court concludes that the Ohio Defendants cannot be found liable in their individual capacity. Consequently, AKT has shown "that [Plaintiffs] 'fail[] to state a cause of action against" the Ohio Defendants and "the failure is obvious according to the settled rules of the state.'" See Macey, 220 F. Supp. 2d at 1117 (quoting Ritchey, 139 F.3d at 1318).[7] Therefore, AKT has met its "heavy burden of persuasion" in asserting a claim for fraudulent joinder. See Nelson, 2015 WL 4464691, at *1. And the Court finds that the Ohio Defendants were fraudulently joined.

## IV. CONCLUSION

---

[7]Although Plaintiffs raise additional arguments for why there is a "possibility" the Ohio Defendants could be held liable, the franchise agreement provision nullifies them because it shifts their liability to AKT. For example, the parties dispute whether the Ohio Defendants meet the definition of principal or executive officer or director under § 31302 and whether they "materially aid[ed]" the alleged fraudulent misrepresentations under the same section. (Mot. 11–13), (Opp'n 13–14.) The parties also submitted dueling declarations about the content and extent of alleged statements that Defendant Brown made to Plaintiff Alfredo. See generally (Alfredo Decl.); (Declaration of Emily Brown, Dkt. No. 23-2.) Certainly, these arguments may raise "doubt" as to whether the Plaintiffs stated a cause of action, which would "ordinarily be resolved in favor" of remand. See Albi, 140 F.2d at 312. However, because the shifting liability provision precludes any possibility of Plaintiffs bringing a cause of action against the Ohio Defendants, the Court does not need to determine whether such doubt exists. See Macey, 220 F. Supp. 2d at 1117.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:23-cv-01643-JVS(JDEx) | Date | November 13, 2023 |
| Title | Dance Fitness Michigan, LLC et al v. AKT Franchise, LLC et al | | |

    For the foregoing reasons, the Court **DENIES** the motion to remand and **ORDERS** AKT to file, no later than November 20, 2023, an amended Rule 7.1 Disclosure Statement.

    **IT IS SO ORDERED.**